**Robert E. WALK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–91–618–CR.**

Court of Appeals of Texas, Corpus Christi.

Sept. 17, 1992.

Opinion on Motion For Rehearing Oct. 22, 1992.

Discretionary Review Refused Feb. 10, 1993.

Nancy M. Simonson, J.A. Canales, Canales & Simonson, Corpus Christi, Jose Johnson, Sinton, for appellant.

Jose L. Aliseda, Jr., County Atty., Beeville, for appellee.

Before KENNEDY, SEERDEN, and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

KENNEDY, Justice.

A jury found Robert Walk guilty of knowingly failing to file an affidavit of substantial interest in a business entity and failing to abstain from a decision when required by law. The jury assessed punishment of a $1,000 fine and one year's confinement probated. By six points of error, appellant asserts the trial court erred by entering judgment based on the jury verdict because the charging instrument was defective, the evidence was insufficient, the court's jury charge was improper, and the court made improper evidentiary rulings. We affirm the trial court's judgment.

Appellant was charged by an information alleging in relevant part that:

on or about the 4th day of January, 1991, in the County of Bee, State of Texas, and

acting in his official capacity as the Bee County Judge, did then and there knowingly fail to file an affidavit with the Bee County Clerk stating the nature and extent of the said Robert E. Walk's interest in LMC Business Products [hereinafter LMC], a business entity in which he had a substantial interest as he was related to Charles Dean Manuel and/or Lori Ann Manuel, a person(s) who owned 10 percent or more and/or $5,000 or more of the fair market [value] of LMC in the first degree by consanguinity and/or affinity, and knowingly fail to abstain from a decision to purchase staplers, tapes, letter openers, cushions, tape dispensers and/or a Victor 820 calculator from LMC with funds from the General Fund of Bee County, Texas, when such a decision to purchase these items and/or item from LMC would have had a special economic effect on LMC that would be distinguishable from the effect to the public.

Appellant, pretrial, attacked the information's validity by a timely motion to quash. The trial court overruled his motion.

By points one and two, appellant asserts that the charging instrument was insufficient and that the trial court erred by failing to quash the information. By point one, appellant asserts that the trial court erred by overruling his motion to quash because the information failed to allege the essential elements of the offense set out in Local Government Code, Section 171.-003(a)(1).

■ Appellant and the State agree that the applicable statutory provisions are Texas Local Government Code, Sections 171.-003 and 171.004 which provide in relevant part:

Section 171.004(a) If a local public official has a substantial interest in a business entity ... the official shall file, before a vote or decision on any matter involving the business entity ... an affidavit stating the nature and extent of the interest and shall abstain from further participation in the matter if:

(1) in the case of a substantial interest in a business entity the action on the matter will have a special economic effect on the business entity that is distinguishable from the effect on the public.

Tex.Local Gov't Code Ann. § 171.004(a)(1) (Vernon Supp.1992).

Section 171.003(a) A local public official commits an offense if: (1) the official knowingly violates Section 171.004;

Tex.Local Gov't Code Ann. § 171.003(a)(1) (Vernon Supp.1992).

Section 171.003(c) An offense under this section is a Class A misdemeanor.

Tex.Local Gov't Code Ann. § 171.003(c) (Vernon Supp.1992).

A person has a substantial interest in a business entity if the person owns 10 percent or more of the voting stock or shares of the business entity or owns either 10 percent or more or $5,000 or more of the fair market value of the business entity. Tex.Local Gov't Code Ann. § 171.002(a)(1) (Vernon Supp.1992). A local public official is considered to have a substantial interest under this section if a person related to the official in the first degree of consanguinity or affinity, has a substantial interest under this section. *Id.* at § 171.002(c).

Appellant alleges that the information lacked the essential elements 1) that he had knowledge of the requirement to file an affidavit before a vote or a decision on a matter involving the business and 2) that he had knowledge of the requirement to abstain from a decision under Local Government Code, Section 171.004(a)(1).

■ When reviewing the sufficiency of a charging instrument, the issue is whether the instrument on its face sets forth in plain and intelligible words sufficient information to enable the accused to prepare his defense and to plead any judgment in bar of further prosecution for the same offense. *Lewis v. State,* 659 S.W.2d 429, 431 (Tex.Crim.App.1983); *Proctor v. State,* 767 S.W.2d 473, 475 (Tex.App.—Dallas 1989, pet. ref'd) (citing *Wilson v. State,* 520 S.W.2d 377, 379 (Tex.Crim.App.1975)). Ordinarily, a charging instrument is sufficient if it charges an offense in the terms of the applicable statute. *Lewis,* 659 S.W.2d at 431; *Proctor,* 767 S.W.2d at 476.

In determining whether the charging instrument alleges all the necessary elements of the offense, the instrument must be read as a whole and construed liberally. *Spector v. State*, 746 S.W.2d 946, 948 (Tex. App.—Austin 1988, pet. ref'd) (citing *Thompson v. State*, 697 S.W.2d 413, 415 (Tex.Crim.App.1985)).

■ In the case before us, the information charges the offense in plain and intelligible language. The information closely follows Texas Local Government Code, Sections 171.003 and 171.004. Construing the information liberally, and reading the relevant statutes as requiring knowledge of the duties to file an affidavit and to abstain from any decisions affecting his interest until the affidavit is filed, we conclude that the State properly charged in the information that Walk did knowingly fail to file an affidavit of substantial interest and did knowingly fail to abstain from a decision to purchase specified office supplies. We conclude that the indictment charges the offense with enough specificity to enable appellant to know what he was required to defend against. We overrule point one.

■ Additionally, by point two, appellant contends that the charging information was defective because it failed to apprise him of the facts forming the basis for the charge. We disagree. The information sufficiently pleaded the offense and placed appellant on notice of what was alleged. When we read the charge liberally, we conclude that the State alleged that the decision which formed the basis of the offense was appellant's decision to purchase specific items from LMC. We conclude that the information provided appellant with adequate notice of the charged offense, and was specific enough to bar prosecution for the same offense. We overrule point two.

■ By point three, appellant challenges the sufficiency of the evidence to sustain his conviction. In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the prosecution. *Geesa v. State*, 820 S.W.2d 154, 157 (Tex.Crim.App.1991); *Villalon v. State*, 791 S.W.2d 130, 132 (Tex.Crim.App. 1990). After viewing the evidence in this light, we determine whether any rational trier of fact could have found the essential elements beyond a reasonable doubt. *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim. App.1989) (citing *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). We do not sit as a thirteenth juror assessing evidence, but rather position ourselves as a final due process safeguard ensuring only the rationality of the fact finder. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App.1988). We will review the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found beyond a reasonable doubt that appellant knowingly violated Texas Local Government Code, Section 171.004.

■ The testimony at trial reflected that on January 4, 1991, the Bee County auditor, Margaret Hayes, interrupted a meeting between appellant and Charles Manuel, whom she recognized as appellant's son-in-law. She knew that Manuel owned LMC. When she walked into appellant's office, she saw him signing a county emergency purchase order form. She recognized the form because as county auditor, she deals with them regularly. As she entered the office, appellant quickly asked Manuel "which copy do you get" and he tore off a copy of the purchase order and handed it to Manuel. Appellant then tossed the pad of purchase orders into his desk drawer. Appellant told Hayes that there was nothing in the purchase order. Hayes then told appellant that they needed to discuss purchasing procedures, and "that there was a statement or something that you have to file over in the County Clerk's office." Hayes asked appellant to place her on the calendar at the next meeting of himself and the commissioners so that she could review purchasing procedures with them. He never answered her request.

Charles Manuel testified at trial and remembered his meeting and conversation with appellant on January 4, 1991, at appellant's office. Manuel remembered that Hayes walked in and stated that appellant

needed to file an affidavit about his affiliation with LMC.

Rosario Douthite at the time of trial owned an office supply business but, testified that in the past, she worked for appellant at Beeville Office Equipment, the predecessor of LMC for over a year. She testified about a conversation she had with appellant prior to his election as county judge. During the conversation, they had discussed appellant's business and that appellant stated that he was going to have to change the name of his business and put it in someone else's name so that he could buy from it without a conflict of interest.

We conclude, based on testimony by Hayes, Manuel, and Douthite, that a rational trier of fact could have found that appellant knew he was required by law to file an affidavit of interest, and therefore, knowingly violated Section 171.004. We overrule point three.

By point four, appellant contends that the court's jury charge was erroneous because the court failed to instruct the jury on the element of knowledge. At the charge conference, appellant made two objections. Initially, appellant objected to the use of the phrase "would have had a special economic effect" in the law and application portions of the charge rather than "will have an economic effect" as stated in the statute. Additionally, appellant objected that the State should be required to elect whether it intended to prove that appellant was related to Charles Dean Manuel or Lori Ann Manuel, or, whether the State was going to prove that appellant was related to both of them, since the information charged in the alternative. The court overruled both of appellant's objections.

▮ The State responds that appellant's fourth point of error is not preserved for our review. The State contends that appellant's objections at the charge conference regarded a failure of the court to track minor statutory language and therefore did not preserve the point raised before us. We agree.

▮ In order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling he desired the court to make if the specific grounds are not apparent from the context. Tex. R.App.P. 52(a). If the basis for the complaint at trial does not comport with the basis for the complaint on appeal, error is not preserved. *Allridge v. State*, 762 S.W.2d 146, 157 (Tex.Crim.App.1988), *cert. denied*, 489 U.S. 1040, 109 S.Ct. 1176, 103 L.Ed.2d 238 (1989). We conclude that appellant failed to apprise the trial court of his complaint, and therefore, we will not consider it in our review. We overrule point four.

By point five, appellant contends that during final argument, the trial court erred in overruling his timely and proper objection to the prosecution's argument. The record shows that the prosecutor stated,

We have proven that he didn't follow the normal procedure even though that's not what's charged. The reason I show that to you is to show that this man thought he was above the law. You need to show him he's not. The county judge is not above the right procedure or state law.

Immediately following this statement, appellant objected that the jury needs to follow the evidence and the court's charge, and that they don't need to show anybody anything. Appellant's point of error contends that the prosecutor's statement was prejudicial and asked the jury to convict based upon uncharged conduct.

▮ The law provides for and presumes a fair trial, free from improper argument by the prosecuting attorney. *Borjan v. State*, 787 S.W.2d 53, 56 (Tex.Crim.App. 1990). Generally, proper jury argument by the State involves summation of evidence, deductions from the evidence, an answer to the defendant's argument, and a plea for law enforcement. *Whiting v. State*, 797 S.W.2d 45, 48 (Tex.Crim.App.1990).

▮ We note in reviewing the record, that Hayes and Ortiz testified for the State. They testified about county purchasing procedures and what they consid-

ered appellant's disregard for those procedures. There were no objections to their testimony as evidence outside the charged offense. Thus, the prosecutor's reference to procedures was not evidence outside the record. Additionally, the prosecutor told the jury that "this man thought he was above the law," and asked the jury "to show him that he was not (above the law)." We construe this as a valid plea for law enforcement and not as the prosecutor asking the jury to convict based upon appellant's failure to follow the proper procedure. We find no error in the State's jury argument and overrule point five.

By point six, appellant contends that the trial court erred in overruling his timely objection to prejudicial hearsay testimony by Texas Ranger Rodriguez. The State responds that appellant's objection was not timely, and that essentially the same evidence had already been introduced without objection through the testimony of Mr. Manuel. Alternatively, the State asserts error, if any, was harmless.

The record reflects the following exchange,

Prosecutor: Okay. Mr. Manuel testified about some conversations you had with him that day concerning an affidavit. Do you recall the substance of that conversation?

Rodriguez: Yes, sir.

Prosecutor: Could you tell the Court what that was?

Defense Counsel: Your Honor, I'm going to object to that being hearsay.

The Court: Overruled.

Rodriguez: Mr. Manuel was quite surprised that I was conducting an investigation, that the matter hadn't been taken care of.

Prosecutor: Was that his words?

Rodriguez: His words were, "I thought it was already taken care of."

Earlier in the trial, Mr. Manuel testified during redirect examination and the following exchange ensued

Prosecutor: You were surprised that your father-in-law had not filed that affidavit [Hayes] had told him about, is that right?

Manuel: I don't know if I was surprised. I was really surprised to see [Rodriguez] more than I was surprised to—you know, I was just wondering what he was doing.

Prosecutor: Did you express some concern to the Ranger to the effect that you thought it had already been done?

Manuel: Yes, I think so. Yeah, because I, you know, it was pretty much, you know, already taken care of.

■ After reviewing the record, we conclude that Rodriguez's testimony was superfluous. Manuel, earlier in the trial, testified that he thought the affidavit was already taken care of, which was the same testimony appellant complains about that the State elicited from Rodriguez. *See Anderson v. State*, 717 S.W.2d 622, 628 (Tex.Crim.App.1986) (no reversible error when same facts proven by other unobjected-to testimony). We conclude that error, if any, was not reversible. Tex.R.App.P. 81(b)(2). We overrule point six.

Having addressed all of appellant's points of error, we affirm the trial court's judgment.

## OPINION ON MOTION FOR REHEARING

By his motion for rehearing, appellant argues that our analysis of his fourth point of error was not complete. Appellant, by his fourth point of error, urged that the trial court erred in failing to instruct the jury on the essential element of knowledge of the duties imposed by Local Government Code section 171.003. In our original opinion, we determined that appellant did not preserve this point of error for appellate review.

Appellant contends that we should have included in our analysis a determination of whether the lack of a proper objection and failure to include his knowledge instruction to the charge resulted in his receiving a fundamentally unfair trial. We agree that we failed to address appellant's "egregious harm" complaint, will now address the complaint, and ultimately overrule appellant's motion for rehearing.

If no proper objection was made at trial, the accused must claim that the trial court fundamentally erred. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim.App.1984). Appellant will obtain a reversal only if egregiously harmed by an error that was calculated to injure the rights of appellant to the extent that he has not had a fair and impartial trial. *Id.* at 172. In determining whether appellant was egregiously harmed, we review the entire jury charge, the state of the evidence, the contested issues and the weight of probative evidence, the argument of counsel, and any other relevant information revealed by the record. *Id.* at 171.

In reviewing the court's charge to the jury, the evidence presented, and other parts of the record, we conclude that appellant received a fair and impartial trial and was not egregiously harmed by the lack of his desired knowledge instruction. We note that the court's charge tracked the information and correctly instructed the jury on the element of knowledge. The court's charge addressed the issue of appellant's knowledge sufficiently. Accordingly, we overrule appellant's motion for rehearing.