NUMBER 13-99-679-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

 ___________________________________________________________________ 



ZACK NOLAN CARTWRIGHT , Appellant, 



v.

 
THE STATE OF TEXAS , Appellee. 

___________________________________________________________________ 



On appeal from the 122nd District Court

of Galveston County, Texas.

____________________________________________________________________ 



O P I N I O N

 
Before Justices Chavez, Rodriguez, and Kennedy(1)


Opinion by Justice Kennedy

 

 Appellant was indicted for attempted murder. He pleaded "not guilty" to a jury and was found guilty. The jury made
an additional finding that a deadly weapon was used. Appellant chose the court for punishment and, following a
hearing, the court assessed punishment at confinement for twenty years. 

 The evidence reveals that appellant and his victim, Michael Savoie,(2) were friends who often smoked crack cocaine
together. Another man, a drug dealer whom Savoie had been instrumental in sending to prison, had made an offer (i.e.
put out a contract on) of five thousand dollars to anyone who would kill Savoie. The record shows that appellant knew
about the contract and on the day of the incident, lured Savoie out of a building and shot him twice. Savoie recovered
following extensive medical and surgical treatment and testified against appellant at trial. 

 The appellate brief brings two issues which we quote verbatim, followed by our analysis of each issue. Issue one
states: 

 Did the trial court commit reversible error by overruling appellant's objection to opinion testimony of a lay witness
about what appellant knew or did not know about the habits of a third person? 



 The question asked was, "Since Zack lived with you for the two-month period, he knew when your mother left, didn't
he?" The record shows that the witness never answered the question. Before the witness could answer, appellant's trial
counsel objected that that would be "speculative." The objection was overruled and appellant's trial counsel took the
witness on voir dire. Approximately two pages later in the reporter's record trial counsel renewed her objection which
was again overruled. At this point, appellant's trial counsel turned the witness back to the prosecutor and the question
was never answered. 

 It appears so fundamental as to not require supporting authority that an objection to a non-existent answer is not valid.
In addition, we note that both the original objection and the renewed objection were based upon "speculation." The
issue presented on appeal is "relates to opinion testimony of a lay witness." If the basis for the complaint at trial does
not comport with the basis for the complaint on appeal, error is not preserved. Walk v. State, 841 S.W.2d 430, 435
(Tex.App. - Corpus Christi 1992, pet. ref'd). We deny the relief sought in issue number one. 

 The second issue states: 

 Was the denial of appellant's motion for mistrial reversible error when the state engaged in prosecutorial misconduct
through the deliberate provocation of a response about a non-existing motion to revoke probation against the defendant
in the face of a motion in limine granted against the mentioning of any extraneous bad conduct pursuant to Rule 404 of
the Texas Rules of Evidence? 

 

Appellant argues in support of this issue that the court had granted him a motion in limine forbidding the use of
evidence regarding extraneous bad conduct. He argues further that a jury instruction to disregard could have cured the
erroneously admitted evidence, but none was given. 

 The record shows that while the victim was testifying for the state, appellant's trial attorney, on cross-examination,
asked the following questions and received the following answers: 

 Q. You understand that, as you testified earlier, that that night you were out there smoking crack cocaine with Randy
Rogers, and Dana Stewert, Zack Cartwright, that in fact you were at that point violating several conditions of your
probation; isn't that correct? 



 A. Yes, I was. 



 Q. And in fact you were aware that Zack was on probation too, weren't you? 



 A. Yes, I was. 



 Q. Out of Alabama? 



 A. Yes, I was. 



 Q. Also for a drug case, correct? 



 A. Yes. 



 Q. In fact, you and Zack had talked about it some, correct? 



 A. Yes. 



 Q. In fact, you all had even talked about the fact that you were worried they were going to file a motion to revoke your
probation; is that correct? [emphasis added] 



 A. Yes, I was. 



On re-direct, the prosecutor elicited the following: 

 Q. And Mrs. Meir [defense attorney] brought up the fact that her client is on probation out of Alabama for a felony
drug case? 



 A. Yes. 



 Q. And she brought up the fact that you and him had talked about your revocation. Did he talk about his revocation? 



 A. Yes, he did. 



It was at this point that the defense attorney objected and requested a mis-trial based upon "this goes into misconduct
and has been presented for prejudicial purposes only" and "this also violates the motion in limine." The defense
attorney also stated: 

 We have asked in the past for an order for any information of prior misconduct that's alleged against the defendant.
We will put on the record we've been notified that my client is on probation and that there has never been any notice to
revoke probation. In addition the documents that I've been provided pursuant to discovery merely show my client is on
probation. They do not show any motion to revokepending or alleged, nor has there been any basis of any motion to
revoke presented. (emphasis added) 

 

The trial judge denied the motion for mistrial but added "we'll not proceed any further along these lines." 

 The thrust of appellant's issue appears to be that there is no evidence that a motion to revoke appellant's probation has
been filed. The particular question and answer objected to is: 

 Q. And she brought up the fact that you and him had talked about your revocation. Did he talk about his revocation? 



 A. Yes, he did. 



 The question asked by the prosecutor was, "Did he talk about his revocation?" The question and answer did not
suggest that a motion to revoke had been filed. 

 In view of the fact that previous questions asked of the victim by the defense attorney (and confirmed by the answers)
told the jury that appellant and the victim were sitting around smoking crack while they were both on probation, we fail
to see how the question and answer objected to harmed appellant. Appellant cites Kemp v. State, 846 S.W.2d 289, 308
(Tex.Crim.App. 1992) which says: 

 I[t] is well-settled that testimony referring to or implying extraneous offenses can be rendered harmless by an
instruction to disregard by the trial judge, unless it appears that the evidence was so clearly calculated to inflame the
minds of the jury or is of such damning character as to suggest it would be impossible to remove the harmful
impression from the jury's mind. 

In the case before us, appellant did not request an instruction to disregard. In any event, the evidence does not rise to
the level "so clearly calculated to inflame the minds of the jury" or "of such damning character" as to require reversal. 

 We deny the relief sought in issue number two and AFFIRM the judgment of the trial court. 

Noah Kennedy 

Justice 



Do not publish . 

Tex. R. App. P. 47.3(b). 



Opinion delivered and filed 

this the 25th day of May, 2000. 

1. Retired Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998). 

2. This is the spelling used in the briefs and in the indictment. The court reporter spelled the victim's name "Savoy."