

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

July 12, 2005

Mr. James Chastain, President
Bandera County River Authority
    and Groundwater District
Post Office Box 177
202 Twelfth Street
Bandera, Texas 78003

Opinion No. GA-0337

Re: Whether certain Bandera County River Authority and Groundwater District directors' interests constitute conflicts of interest under chapter 171 of the Local Government Code or other law   (RQ-0307-GA)

Dear Mr. Chastain:

The Bandera County River Authority and Groundwater District, which is governed by a nine-member board of directors, has asked whether certain directors' interests constitute conflicts of interest under chapter 171 of the Local Government Code or other law.[1]

## I.    Background

In 1971, the legislature enacted a special law creating the Bandera County River Authority as a conservation and reclamation district covering part of Bandera County authorized to exercise the general-law powers of a water control and improvement district.[2] In 1989, the legislature enacted another special law creating the Springhills Water Management District as an underground water conservation district covering all Bandera County governed by a nine-member elected board of directors.[3] This 1989 special law amended the 1971 special law to provide that the River Authority is governed by a board "composed of the persons who serve as directors of the Springhills Water

---

[1]*See* Letter from David Jeffery, General Manager, Bandera County River Authority and Groundwater District, to Office of Attorney General (Jan. 12, 2005) [hereinafter Request Letter]; Letter from James Chastain, President, Bandera County River Authority and Groundwater District, to Nancy Fuller, Chair, Opinion Committee, Office of Attorney General (Feb. 15, 2005) [hereinafter Supplemental Request Letter] (both letters on file with Opinion Committee, *also available at* http:www.oag.state.tx.us).

[2]*See* Act of May 31, 1971, 62d Leg., R.S., ch. 629, §§ 1 (creating the Bandera County River Authority as a conservation and reclamation district under article XVI, section 59 of the Texas Constitution), 2 (territory), 5 (granting the river authority the authority of a water control and improvement district under general laws), 1971 Tex. Gen. Laws 2045, 2045-46.

[3]*See* Act of May 24, 1989, 71st Leg., R.S., ch. 654, §§ 1, 3 (territory), 7 (board of directors), 10 (election of directors), 1989 Tex. Gen. Laws 2155, 2155-57.

Management District."[4] "Each director of the Springhills Water Management District serves on the board of directors of the Bandera County River Authority as an additional duty of his office as director of the water management district."[5]

We gather that the combined entity is known as the "Bandera County River Authority and Groundwater District" (the "District").[6] As a result of the two special laws, the District board of directors exercises authority as both (1) the board of directors of a water control and improvement district governed by chapter 49 of the Water Code, and (2) the board of directors of a groundwater conservation district governed by chapter 36 of the Water Code.[7]

Background information submitted with the District's request states that three directors "are closely related to individuals engaged in the business of real estate and property development" and that two directors "own well drilling and service businesses."[8] There is some concern that these directors would have a conflict of interest in board matters that would regulate or impact such businesses. *See* Connors Memo, *supra* note 8. In addition, another director "owns a construction business" specializing "in roads, culverts, driveways and other services" and there is some concern that this director "would have a conflict of interest in matters before the board which would regulate or impact the growth and development upon which his business depends." *Id.*

The District asks whether the directors "have a conflict of interest under the Local Government Code, Chapter 171, or all other applicable state and federal law." Supplemental Request Letter, *supra* note 1 (emphasis omitted).

---

[4]*See id.* § 12, at 2157 (amendment to 1971 Act).

[5]*See id.*

[6]*See* http://www.springhillswmd.org/ (District website).

[7]*See id.* (explaining District's origins and governing laws); *see also* TEX. WATER CODE ANN. §§ 36.001(1) (Vernon Supp. 2004-05) (for purposes of chapter 36, the term "district" means "any district or authority created under Section 52, Article III, or Section 59, Article XVI, Texas Constitution, that has the authority to regulate the spacing of water wells, the production from water wells, or both"), 49.001(1) (for purposes of chapter 49, the term "district" means "any district or authority created by authority of either Sections 52(b)(1) and (2), Article III, or Section 59, Article XVI, Texas Constitution, regardless of how created. The term 'district' shall not include any navigation district or port authority created under general or special law, any conservation and reclamation district created pursuant to Chapter 62, Acts of the 52nd Legislature, 1951 (Article 8280-141, Vernon's Texas Civil Statutes), or any conservation and reclamation district governed by Chapter 36 unless a special law creating the district or amending the law creating the district states that this chapter applies to that district.").

[8]Memorandum from Richard A. Connors, Director, Precinct 1, Bandera County River Authority and Groundwater District (Oct. 7, 2004) (attached to Supplemental Request Letter, *supra* note 1) [hereinafter Connors Memo]; Telephone conversation with James Chastain, President, Bandera County River Authority and Groundwater District (Feb. 9, 2005).

## II.          Local Government Code Chapter 171

The District first asks whether any of these interests may constitute a conflict of interest under chapter 171 of the Local Government Code, which regulates local public officials' conflicts of interest, *see* TEX. LOC. GOV'T CODE ANN. §§ 171.001-.010 (Vernon 1999 & Supp. 2004-05), and expressly preempts the common law of conflicts of interest as applied to local public officials, *see id.* § 171.007 (Vernon 1999). Chapter 171 generally requires a local public official with a substantial interest in a business entity to file with the governmental entity's official record keeper "an affidavit stating the nature and extent of the interest" before the governmental entity votes on or decides a matter involving the business entity and to abstain from participating in the matter if "the action . . . will have a special economic effect on the business entity that is distinguishable from the effect on the public." *Id.* § 171.004(a)(1). *But see id.* § 171.004(c) (stating that a local public official need not abstain from participating in a matter requiring an affidavit if a majority of the governmental entity's members "are likewise required to file and . . . do file affidavits" on the same matter).

It is undisputed that the District's directors are local public officials subject to chapter 171's requirements. *See id.* § 171.001 (defining "local public official" to include "a member of the governing body or another officer, whether elected, appointed, paid, or unpaid, of any district (including a school district), county, municipality, precinct, central appraisal district, transit authority or district, or other local governmental entity who exercises responsibilities beyond those that are advisory in nature"); TEX. WATER CODE ANN. §§ 36.058 (Vernon 2000) ("A director of a district is subject to the provisions of Chapter 171, Local Government Code, relating to the regulation of conflicts of officers of local governments."), 49.058 ("A director of a district is subject to the provisions of Chapter 171, Local Government Code, relating to the regulation of conflicts of interest of officers of local governments.").

Given the concerns the District raises about directors' interests, we consider (1) when a local public official has a substantial interest in a business entity, including when a local public official has a substantial interest in a relative's business, and (2) when an action in a matter "will have a special economic effect on the business entity that is distinguishable from the effect on the public." *See* TEX. LOC. GOV'T CODE ANN. §§ 171.001(2), .002, .004(a)(1) (Vernon 1999).

### A.          When a Local Public Official has a Substantial Interest

Under chapter 171, the term "business entity" is a broad term embracing "a sole proprietorship, partnership, firm, corporation, holding company, joint-stock company, receivership, trust, or any other entity recognized by law." *Id.* § 171.001(2). Under section 171.002, a local public official has a "substantial interest" in a business entity if:

> (1)   the person owns 10 percent or more of the voting stock or shares of the business entity or owns either 10 percent or more or $15,000 or more of the fair market value of the business entity; or

> (2) funds received by the person from the business entity
> exceed 10 percent of the person's gross income for the previous year.

*Id.* § 171.002(a). A person has a substantial interest in real property if the interest is an equitable or legal ownership with a fair market value of $2,500 or more. *See id.* § 171.002(b).

A local public official also has a substantial interest in a business entity or real property "if a person related to the official in the first degree by consanguinity or affinity, as determined under Chapter 573, Government Code, has a substantial interest" in the business entity or real property. *Id.* § 171.002(c). An individual's relatives within the first degree by consanguinity or affinity include the individual's parent, child, parent's or child's spouse, spouse, and spouse's parent or child. *See* Tex. Att'y Gen. Op. No. GA-0186 (2004) at 3 (citing Government Code, sections 573.023(c)(1) and 573.025).[9]

The District has not asked and we do not address whether any particular director has a substantial interest in any particular business entity or real property. Moreover, we note that resolving these issues often involves questions of fact beyond the purview of an attorney general opinion. *See, e.g.*, Tex. Att'y Gen. Op. Nos. GA-0136 (2004) at 1 n.2 ("Whether [a county judge] 'owns a substantial interest' in [a business] for purposes of chapter 171, Local Government Code, is a question requiring the resolution of fact questions, and it therefore cannot be determined in the opinion process."), DM-259 (1993) at 10 (stating that whether, for purposes of chapter 171, an appraisal district board member has a substantial interest in a business entity is a fact question that cannot be determined in the opinion process).

### B.      When an Action Will Have a Special Economic Effect on a Business Entity

Chapter 171 of the Local Government Code does not disqualify local public officials from serving on a governing body because they have business interests that may be affected by the governing body's actions. Rather, potential conflicts of interest are evaluated on a case by case basis as they relate to particular governmental actions. A local public official must file an affidavit disclosing his or her interest in a business entity or real property and must abstain from participating in a matter in certain circumstances. Specifically, section 171.004 provides in pertinent part:

---

[9]More specifically, under chapter 573, an individual's relatives within the first degree of consanguinity are his or her parents and children. *See* TEX. GOV'T CODE ANN. § 573.023(a) (Vernon 2004) ("A parent and child are related in the first degree" by consanguinity.), (c)(1) (listing an individual's parents and children as his or her relatives within the first degree by consanguinity). An adopted child is the child of the adoptive parent for this purpose. *See id.* § 573.022(b). Two individuals are related to each other by affinity if: "(1) they are married to each other[] or (2) the spouse of one of the individuals is related by consanguinity to the other individual." *Id.* § 573.024(a); *see also id.* § 573.024(b) ("The ending of a marriage by divorce or the death of a spouse ends relationships by affinity created by that marriage unless a child of that marriage is living, in which case the marriage is considered to continue as long as a child of that marriage lives."). A husband and wife are related to each other in the first degree by affinity. *See id.* § 573.025(a). "For other relationships by affinity, the degree of relationship is the same as the degree of the underlying relationship by consanguinity." *Id.*

(a) If a local public official has a substantial interest in a business entity or in real property, the official shall file, before a vote or decision on any matter involving the business entity or the real property, an affidavit stating the nature and extent of the interest and shall abstain from further participation in the matter if:

(1) in the case of a substantial interest in a business entity *the action on the matter will have a special economic effect on the business entity that is distinguishable from the effect on the public*; or

(2) in the case of a substantial interest in real property, it is reasonably foreseeable that an action on the matter will have a special economic effect on the value of the property, distinguishable from its effect on the public.

TEX. LOC. GOV'T CODE ANN. § 171.004(a) (Vernon 1999) (emphasis added).

Ordinarily, the attorney general cannot decide in the opinion process whether a governmental entity's action will have a special economic effect on a business entity or the value of real property distinguishable from its effect on the public, because this decision requires the investigation and resolution of fact questions. *See generally* Tex. Att'y Gen. Op. Nos. DM-309 (1994) at 3, DM-279 (1993) at 7. However, in limited cases this question may be resolved as a matter of law based on the facts presented. For example, this office has determined that if a governmental entity considers whether to purchase goods or services from a business entity in which a local public official has a substantial interest, "the decision will, as a matter of law, 'have a special economic effect on the [business] that is distinguishable from the effect on the public.'" Tex. Att'y Gen. Op. No. GA-0136 (2004) at 3 (concluding that a business entity in which a county judge owns a substantial interest may sell fuel or oil products to the county only if, in accordance with section 171.004 of the Local Government Code, the judge has filed an affidavit and abstains from participating in a deliberation or vote on the matter) (citing Attorney General Opinion DM-279 (1993) at 7 (determining that a county's decision to buy materials from a corporation in which a commissioner has a substantial interest will as a matter of law have a special economic effect on the corporation)); *see also Walk v. State*, 841 S.W.2d 430 (Tex. App.–Corpus Christi 1992, pet. ref'd) (affirming a county judge's conviction for knowing participation in a vote to purchase office supplies from his son-in-law's store).

The District focuses on directors' interests in business entities rather than real property. *See* Supplemental Request Letter, *supra* note 1; Connors Memo, *supra* note 8. In an attachment to your letter, Richard Connors, a District director, asserts that three directors are closely related to individuals engaged in real estate and property development businesses and that two directors own well drilling and service businesses. *See* Connors Memo, *supra* note 8. Mr. Connors believes these directors "have a conflict of interest in matters before the Board which would regulate or impact such businesses." *Id.* Another director owns a construction business, specializing in roads and culverts,

and Mr. Connors believes that this director "would have a conflict of interest in matters before the board which would regulate or impact the growth and development upon which this business depends." *Id.* We assume for purposes of this opinion that the directors have a "substantial interest" in these businesses.

Chapter 171 does not disqualify individuals from serving on the District board because they have a substantial interest in a real estate, property development, or construction business. However, for each vote or decision the District board will make, each director must consider the nature of the specific proposed action and its potential effect on any business entity in which he has a substantial interest. Chapter 171 does not require disclosure and recusal unless the District's action on the matter will have a special economic effect on such a business entity that is distinguishable from the effect on the general public. *See* TEX. LOC. GOV'T CODE ANN. § 171.004(a)(1) (Vernon 1999).

This office cannot determine whether a director with an interest described by the District must file an affidavit and abstain from a particular board decision. As we have noted, this is generally a fact question. Moreover, given the limited and very general information submitted by the District, we have no basis for making any conclusions as a matter of law. A director must make this determination in the first instance, keeping in mind that violating section 171.004 constitutes a class A misdemeanor. *See id.* § 171.003(a)-(b). However, as a general matter, we observe that it seems unlikely that a broadly applicable District action would have a "special economic effect" on a particular business entity distinguishable from its effect on the general public if its only effect on the business entity is generally to encourage (or to limit) property development within the District's boundaries.

## III.     Other Applicable Law

In its supplemental request letter, the District asks us to address whether the directors have a conflict of interest under any other state or federal law. *See* Supplemental Request Letter, *supra* note 1. We are not aware of any federal law governing this issue. With respect to state law, section 49.052 of the Water Code disqualifies persons with certain interests from serving as a director of certain water districts. *See* TEX. WATER CODE ANN. § 49.052 (Vernon Supp. 2004-05) (disqualifying from serving as a board member of certain districts, among others, a person who is a property developer or who is related to a property developer or a person who is a party to a contract with or along with a developer of property in the district relating to the district or to property within the district). As we have noted, the District board of directors governs both the Bandera County River Authority and the Springhills Water Management District. *See supra* pp. 1-2. The District's website indicates that the District is subject to chapter 49 of the Water Code when it exercises water control and improvement powers, the powers granted to the Bandera County River Authority by its 1971 special law.[10] Thus, we examine section 49.052.

Unlike chapter 171 of the Local Government Code, section 49.052 of the Water Code disqualifies persons with certain interests from serving, providing in pertinent part:

---

[10]*See supra* notes 2 (1971 Act), 6 (District website).

(a) A person is disqualified from serving as a member of a board of a district that includes less than all the territory in at least one county and which, if located within the corporate area of a city or cities, includes within its boundaries less than 75 percent of the incorporated area of the city or cities, if that person:

(1) is related within the third degree of affinity or consanguinity to a developer of property in the district, any other member of the board, or the manager, engineer, attorney, or other person providing professional services to the district;

(2) is an employee of any developer of property in the district or any director, manager, engineer, attorney, or other person providing professional services to the district or a developer of property in the district in connection with the district or property located in the district;

(3) is a developer of property in the district;

(4) is serving as an attorney, consultant, engineer, manager, architect, or in some other professional capacity for the district or a developer of property in the district in connection with the district or property located in the district;

(5) (A) is a party to a contract with or along with the district except for the purchase of public services furnished by the district to the public generally; or

(B) is a party to a contract with or along with a developer of property in the district relating to the district or to property within the district, other than a contract limited solely to the purpose of purchasing or conveying real property in the district for the purpose of either establishing a permanent residence, establishing a commercial business within the district, or qualifying as a director; or

(6) during the term of office, fails to maintain the qualifications required by law to serve as a director.

TEX. WATER CODE ANN. § 49.052 (Vernon Supp. 2004-05); *see also* Tex. Atty. Gen. Op. No. JC-0585 (2002) at 5 (concluding that the phrase "person providing professional services" in section 49.052(a)(1) of the Water Code refers only to an individual, not a corporate entity).

Section 49.052 defines the term "developer of property in the district" to mean

> any person who owns land located within a district covered under this section and who has divided or proposes to divide the land into two or more parts for the purpose of laying out any subdivision or any tract of land or any addition to any town or city, or for laying out suburban lots or building lots, or any lots, streets, alleys, or parks or other portions intended for public use, or the use of purchasers or owners of lots fronting thereon or adjacent thereto.

TEX. WATER CODE ANN. § 49.052(d) (Vernon Supp. 2004-05). This office has referred to chapter 573 of the Government Code to construe the phrase "is related within the third degree of affinity or consanguinity" in section 49.052(a)(1). *See* Tex. Atty. Gen. Op. No. JC-0585 (2002) at 2.[11]

Section 49.052 vests the water district board with the authority to determine whether a director is disqualified. *See* TEX. WATER CODE ANN. § 49.052(b) (Vernon Supp. 2004-05) ("Within 60 days after the board determines a relationship or employment exists which constitutes a disqualification under Subsection (a), it shall replace the person serving as a member of the board with a person who would not be disqualified."). Under section 49.052(c), "[a]ny person who wilfully occupies an office as a member of a board and exercises the powers and duties of that office when disqualified under the provisions of Subsection (a) is guilty of a misdemeanor and, on conviction, shall be fined not less than $100 nor more than $1,000." *Id.* § 49.052(c).

We lack the requisite facts to determine whether chapter 49 applies to the District board when it acts as the board of directors of the Bandera County River Authority and, moreover, cannot make factual findings in an attorney general opinion.[12] Section 49.052 applies only to a district "that includes less than all the territory in at least one county and which, if located within the corporate area of a city or cities, includes within its boundaries less than 75 percent of the incorporated area of the city or cities." *Id.* § 49.052(a). The 1971 special law establishes that the Bandera County

---

[11]Chapter 573 of the Government Code lists a person's relatives within the third degree of affinity or consanguinity. Section 573.023 provides that a person's relatives within the third degree by consanguinity are his or her: "(1) parent or child . . . ; (2) brother, sister, grandparent, or grandchild . . . ; and (3) great-grandparent, great-grandchild, aunt who is a sister of a parent of the individual, uncle who is a brother of a parent of the individual, nephew who is a child of a brother or sister of the individual, or niece who is a child of a brother or sister of the individual." TEX. GOV'T CODE ANN. § 573.023(c) (Vernon 2004). Under section 573.025, a person's relatives within the third degree by affinity are: "(1) anyone related by consanguinity to the individual's spouse in one of the ways named in Section 573.023(c); and (2) the spouse of anyone related to the individual by consanguinity in one of the ways named in Section 573.023(c)." *Id.* § 573.025(c).

[12]*See generally* Tex. Att'y Gen. Op. Nos. GA-0128 (2003) at 5 (a question requiring resolution of particular facts is "not one in which this office ordinarily engages in the opinion process"); GA-0106 (2003) at 7 ("This office cannot find facts or resolve fact questions in an attorney general opinion.").

River Authority does not comprise all of Bandera County.[13]  The 1989 special law creating the Springhills Water Management District and amending the 1971 special law did not change the Bandera County River Authority's boundaries.[14]  However, we cannot determine whether the Bandera County River Authority is "located within the corporate area of a city or cities" and, if so, "includes within its boundaries less than 75 percent of the incorporated area of the city or cities." *Id.  See* Tex. Atty. Gen. Op. No. JM-1130 (1989) at 4 (concluding that whether a water district's "territorial compass" was such that the statutory predecessor to Water Code section 49.052 applied was "a fact question that we cannot determine in the opinion process of this office").

In addition, section 49.052(f) provides that section 49.052 does not apply "to special water authorities, districts described in Section 49.181(h)(4), or a district where the principal function of the district is to provide irrigation water to agricultural lands or to provide nonpotable water for any purpose." TEX. WATER CODE ANN. § 49.052(f) (Vernon Supp. 2004-05).[15]  The Bandera County River Authority does not appear to be a special water authority[16] or a district described in section 49.181(h)(4).[17]  However, it is a question of fact beyond the purview of an attorney general opinion whether the Bandera County River Authority's "principal function" is to provide irrigation water to agricultural lands or to provide nonpotable water. *See supra* note 12; *see also* Tex. Atty. Gen. Op. No. JM-1130 (1989) at 4 (concluding that whether a water district's "principal function" was such that the statutory predecessor to Water Code section 49.052 applied was "a fact question that we cannot determine in the opinion process of this office").

---

[13]*See supra* note 2 (1971 Act, section 2, Bandera County River Authority territory).

[14]*See supra* note 3 (1989 Act, sections 1, 3, 12, Springhills Water Management District territory and amendments to 1971 Act).

[15]TEX. WATER CODE ANN. §§ 51.072 (Vernon 2000) ("Section 49.052 does not apply to a district governed by this chapter whose principal purpose is providing water for irrigation."), 55.102 (Vernon 2002) ("Section 49.052 does not apply to a district governed by this chapter whose principal purpose is providing water for irrigation."), 58.072 (Vernon 2003) ("Section 49.052 does not apply to [an irrigation] district governed by this chapter.").

[16]Under chapter 49 of the Water Code, "special water authority" means "a river authority as that term is defined in Section 30.003, or a district created by a special Act of the legislature that: (A) is a provider of water or wastewater service to two or more municipalities; and (B) is governed by a board of directors appointed or designated in whole or in part by the governor, the Texas Water Development Board, or municipalities within its service area." *Id.* § 49.001(a)(8) (Vernon Supp. 2004-05). Under section 30.003 of the Water Code, "river authority" means "any district or authority created by the legislature which contains an area within its boundaries of one or more counties and which is governed by a board of directors appointed or designated in whole or in part by the governor, or by the Texas Water Development Board, including without limitation the San Antonio River Authority." *Id.* § 30.003(4). Because its directors are elected, the Bandera County River Authority is not a special water authority.

[17]Section 49.181(h)(4) describes a district that "is governed by a board of directors appointed in whole or in part by the governor, a state agency, or the governing body or chief elected official of a municipality or county and does not provide, or propose to provide, water, sewer, drainage, reclamation, or flood control services to residential retail or commercial customers as its principal function." *Id.* § 49.181(h)(4). Again, the Bandera County River Authority is governed by a board of directors who are elected.

Finally, we note that the Bandera County River Authority board of directors is "composed of the persons who serve as directors of the Springhills Water Management District."[18] The Springhills Water Management District, a countywide underground water conservation district, is not subject to section 49.052. *See* TEX. WATER CODE ANN. § 52.005(c) (Vernon 2002) ("Sections 49.052, 49.216, and 49.301 through 49.308 do not apply to districts governed by this chapter."). If the Bandera County River Authority is subject to section 49.052, one would need to determine whether the 1989 special law providing that the Bandera County River Authority is governed by the Springhills Water Management District board of directors effectively supersedes section 49.052. If it is not, and the board determines that a director is disqualified, one would need to determine whether section 49.052 disqualifies a director from sitting on both boards or only the Bandera County River Authority board. Given that we lack the factual information necessary to determine whether the Bandera County River Authority is subject to section 49.052, we do not reach these issues.

---

[18]*See supra* note 4 (amendment to 1971 Act).

# S U M M A R Y

Chapter 171 of the Local Government Code does not disqualify individuals from serving on the Bandera County River Authority and Groundwater District board of directors because they have a substantial interest in a real estate, property development, or construction business. Rather, chapter 171 requires a director with a substantial interest in a business entity to file with the District's record keeper "an affidavit stating the nature and extent of the interest" before the governmental entity votes on or decides a matter involving the business entity and to abstain if "the action . . . will have a special economic effect on the business entity that is distinguishable from the effect on the public." TEX. LOC. GOV'T CODE ANN. § 171.004(a)(1) (Vernon 1999). Thus, for each vote or decision the District board will make, each director must consider the nature of the specific proposed action and its potential effect on any business entity in which the director has a substantial interest to determine whether he or she must disclose the interest and abstain from participating in the matter. Under chapter 171, a director has a substantial interest in a business entity if the director or his or her close relative has a substantial interest in the business entity.

Section 49.052 of the Water Code disqualifies persons with certain interests from serving on certain water district boards. Whether section 49.052 applies to the Bandera County River Authority and Groundwater District involves questions of fact that cannot be resolved in an attorney general opinion.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee