

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

January 31, 2007

The Honorable Tanya S. Davis
Cooke County Attorney
3rd Floor, Courthouse
Gainesville, Texas 76240

Opinion No. GA-0510

Re: Whether the conflict of interest provisions in Chapter 171 of the Local Government Code prohibit a county constable from owning and operating a wrecker service that is on the county sheriff's wrecker rotation list   (RQ-0487-GA)

Dear Ms. Davis:

You ask whether the conflict of interest provisions in chapter 171 of the Local Government Code prohibit a county constable from owning and operating a wrecker service that is on the county sheriff's wrecker rotation list.[1]

You inform us that the constable for Precinct 1, Cooke County, owns a wrecker service that is on the county sheriff's wrecker rotation list. *See* Request Letter, *supra* note 1, at 1. You state that at the discretion of law enforcement, a dispatcher calls one of six wrecker services on the wrecker rotation list. *See id.* If that service does not respond for any reason, the dispatcher calls the next name on the list in rotation. *See id.* You further state that "although the wrecking services work in connection with the County, they are not contracting with the county for those services. They are not paid by the County for their services." *Id.* at 2.

Chapter 171 of the Local Government Code regulates local public officials' conflicts of interest, preempting the common law on the subject. *See* TEX. LOC. GOV'T CODE ANN. § 171.007 (Vernon 1999) (preemption); *see generally id.* §§ 171.001–.010 (Vernon 1999 & Supp. 2006) (chapter 171). The statutory definition of a "local public official" to whom chapter 171 applies expressly includes a precinct officer "who exercises responsibilities beyond those that are advisory in nature." *Id.* § 171.001(1). A constable is an elected precinct officer. *See* TEX. CONST. art. V, § 18(a), (c). A constable's general duties include such functions as serving process and attending justice court. *See* TEX. LOC. GOV'T CODE ANN. § 86.021 (Vernon Supp. 2006). A constable is also a peace officer with the attendant authority and responsibilities of that office. *See* TEX. CODE CRIM. PROC. ANN. art. 2.12(2) (Vernon 2005) (designating a constable as a peace officer). Because a

---

[1]*See* Letter from Honorable Tanya S. Davis, Cooke County Attorney, to Opinion Committee, Office of the Attorney General of Texas, at 1 (May 10, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

constable is a precinct officer "who exercises responsibilities beyond those that are advisory in nature," a constable is a "local public official" and therefore generally subject to chapter 171. *See* TEX. LOC. GOV'T CODE ANN. § 171.001(1) (Vernon 1999); *see also* Tex. Att'y Gen. Op. No. JM-270 (1984) at 3 (interpreting predecessor to chapter 171 as generally applicable to constables).[2]

Because a constable is a local public official, we must consider whether the constable must comply with the disclosure and abstention requirements in section 171.004. Section 171.004 provides:

> (a)  If a local public official has a substantial interest in a business entity or in real property, the official shall file, before a vote or decision on any matter involving the business entity or the real property, an affidavit stating the nature and extent of the interest and shall abstain from further participation in the matter if:
>
> (1)  in the case of a substantial interest in a business entity the action on the matter will have a special economic effect on the business entity that is distinguishable from the effect on the public[.]

TEX. LOC. GOV'T CODE ANN. § 171.004(a) (Vernon 1999).

You state that the constable, a local public official, owns "a substantial interest in a business entity," the wrecker service. Request Letter, *supra* note 1, at 2. From the statute's plain language, however, section 171.004 applies only to a local official who may participate in a vote or decision of the governmental entity that will result in a special economic effect on the official's business entity. *See, e.g., Walk v. State*, 841 S.W.2d 430 (Tex. App.—Corpus Christi 1992, pet. ref'd) (county judge's decision to order county supplies from son-in-law); *Dallas County Flood Control Dist. v. Cross*, 815 S.W.2d 271 (Tex. App.—Dallas 1991, writ denied) (vote to purchase easement over district president's land); *Rosamond v. State*, 730 S.W.2d 147 (Tex. App.—Corpus Christi 1987, no pet.) (vote to pay bill of rental company represented by a town alderman). As this office has observed, the statutory disclosure and abstention requirements do not apply to a local public official who is not authorized to participate in any vote or decision of the local governing body that could have a special economic effect on the official's business entity. *See, e.g.*, Tex. Att'y Gen. Op. Nos. JM-450 (1986) at 1 (predecessor statute did not apply to deputy sheriff who owned auto repair business because deputy cannot vote on county business); JM-310 (1985) at 3–5 (county clerk may own title company that does business with the county because the clerk does not vote or have contracting authority); JM-270 (1984) at 3 (constable who does not vote or contract on behalf of county may sell computer equipment to county).

From the facts you describe, the constable does not participate in a vote or decision of the governmental entity that will result in a special economic effect on the constable's business entity.

---

[2]*See* Act of May 30, 1983, 68th Leg., R.S., ch. 640, 1983 Tex. Gen. Laws 4079, 4079–82 (enacting former article 988b of the Revised Civil Statutes, chapter 171's predecessor).

You characterize the wrecker services list as the sheriff's list and state that wreckers are called on a rotation basis. *See* Request Letter, *supra* note 1, at 1. From that, we assume that the constable does not participate in a vote or decision about which wrecker services are included on the sheriff's list, or which service the dispatcher will call to respond to a particular situation. *See id.* at 1.

Moreover, a constable's statutory duties do not require a vote or decision of the kind intended in section 171.004. Most relevant here is the constable's duty and authority as a peace officer to order a vehicle towed in certain circumstances. *See, e.g.,* TEX. TRANSP. CODE ANN. § 545.305(a) (Vernon 1999) (authority of a peace officer to order the removal of a vehicle from a highway). But the apparent purpose of section 171.004 does not include ordinary law enforcement decisions. For example, in JM-776, this office considered whether the predecessor of section 171.004 applied to an investigator of the district attorney's office whose spouse was a bail bondsman. *See* Tex. Att'y Gen. Op. No. JM-776 (1987) at 2–5 (construing former Revised Civil Statute article 988b, now Local Government Code §§ 171.001–.010). The opinion concluded that a typical duty-related decision of an investigator, such as the determination of the existence of probable cause to make a warrantless arrest, "is not a vote or decision on a matter involving a business entity in which the applicant has a substantial interest." *Id.* at 5. From the apparent purpose of the statute, the opinion reasoned that "[c]learly, it was not intended that an investigator file an affidavit before making a decision on whether probable cause existed to make a warrantless arrest." *Id.* Likewise, section 171.004 of the Local Government Code does not apply to a constable's law enforcement decisions under the facts as you describe them. *See* TEX. LOC. GOV'T CODE ANN. § 171.004 (Vernon 1999). And as no other provision in chapter 171 is pertinent, we conclude that the chapter's conflict of interest provisions do not prohibit a county constable from owning and operating a wrecker service that is on the county sheriff's wrecker rotation list.

### SUMMARY

The conflict of interest provisions in chapter 171 of the Local Government Code do not prohibit a county constable from owning and operating a wrecker service that is on the county sheriff's wrecker rotation list.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee