**Larry Lee ALLEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 54204.**

Court of Criminal Appeals of Texas.

April 6, 1977.

Roy E. Jerue, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis M. Bell, Tyler Moore, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David

S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for operating a motor vehicle without the consent of the owner. Trial was before the court upon a plea of guilty and punishment was assessed at eight years.

In his sole ground of error, appellant contends that the indictment was defective for failure to aver all of the elements of the offense.

The pertinent portion of the indictment avers that appellant on or about February 26, 1976, did then and there unlawfully,

"intentionally and knowingly operate a motor propelled vehicle owned by A. R. Price, hereafter styled the Complainant, without the effective consent of the Complainant."

V.T.C.A., Penal Code, Sec. 31.07, "Unauthorized Use of a Vehicle," provides:

"(a) A person commits an offense if he intentionally or knowingly operates another's boat, airplane, or motor-propelled vehicle without the effective consent of the owner."

Without specifying what element of the offense is omitted from the pleading, appellant generally urges that under *Reynolds v. State*, Tex.Cr.App., 547 S.W.2d 590, all elements of the offense must be alleged.

We find that the indictment herein charges the offense in the terms of the statute, averring all of the elements set forth in Sec. 31.07, supra, and is sufficient to give adequate notice of the offense charged. See *Baldwin v. State*, Tex.Cr. App., 538 S.W.2d 109; *American Plant Food Corporation v. State*, Tex.Cr.App., 508 S.W.2d 598.

We reject appellant's contention that the indictment is defective.

The judgment and sentence recite that appellant is found guilty of the offense of unlawfully, intentionally and knowingly operating a motor propelled vehicle without the consent of the owner as charged in the fourth and fifth counts of the indictment. The record reflects that the indictment contained five counts and at trial the State announced, "the State wishes to drop all the counts except the fourth count of the indictment," and that appellant entered his plea of guilty thereto. Consequently, the judgment and sentence are reformed to reflect that appellant is found guilty of unlawfully, intentionally, and knowingly operating a motor propelled vehicle without the consent of the owner as charged in the fourth count of the indictment.

As reformed, the judgment is affirmed.

Opinion approved by the Court.