**Ervin Dewitt PROCTOR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–88–00316–CR.**

Court of Appeals of Texas,
Dallas.

Feb. 3, 1989.

John Nation, Dallas, for appellant.

Patricia Poppoff Noble, Asst. Dist. Atty., Dallas, for appellee.

Before HOWELL, McCLUNG and ROWE, JJ.

HOWELL, Justice.

After a bench trial, the trial court convicted Ervin Dewitt Proctor of unautho-

rized use of a vehicle. Appellant pleaded true to two enhancement paragraphs, and the trial court sentenced him to thirty-five years' confinement. In two points of error, appellant argues that: (1) the evidence is insufficient to sustain a conviction; and (2) the indictment is fundamentally defective because it does not include a necessary element of the offense. For the reasons discussed below, we overrule both points of error and affirm the trial court's judgment.

### Insufficiency of the Evidence

At trial, Gregorio Martinez testified that he was working at La Tosca restaurant on December 29, 1987. After finishing his shift at approximately 11 p.m., Martinez went outside, started his automobile, then went back inside to punch out his time card. When Martinez returned, his car was gone. He immediately reported the incident to the police. Martinez said that he did not know appellant, and that he had not given appellant or anyone else consent to operate his car on the date it was stolen.

Officer James B. Rucker testified that while on patrol in the early morning hours of December 30, 1987, he received a broadcast describing a stolen vehicle. Shortly after the broadcast, Rucker saw a car matching the description of the stolen vehicle. Rucker stopped the car, and appellant exited the car from the driver's side. Rucker asked appellant for identification. When appellant was unable to provide any, Rucker arrested him. Rucker testified that at the time of the arrest, appellant said that he had borrowed the car from his girlfriend. Rucker admitted that appellant had given him a woman's first name but stated that appellant could not remember the woman's last name.

In his defense, appellant testified that on December 29, 1987, Debra Ross visited him at his house. Appellant asked Ross if he could borrow her car to go to Western Union to pick up some money that had arrived for him. Minutes after he left his house, Rucker stopped him. Appellant stated that Ross had given him the keys and that he did not know that the car was stolen. After his testimony, appellant requested and obtained a one-week recess in order to secure Ross's testimony. When the case reconvened, however, appellant called no further witnesses.

■ In his first point of error, appellant contends that the State failed to prove that as he operated the vehicle, he possessed knowledge that he did not have the consent of the owner. The statute defining the offense of unauthorized use of a vehicle provides:

(a) A person commits an offense if he intentionally or knowingly operates another's boat, airplane, or motor-propelled vehicle without the effective consent of the owner.

TEX.PENAL CODE ANN. § 31.07 (Vernon 1974). The elements of the offense under section 31.07 are: (1) a person (2) intentionally or knowingly (3) operates an airplane, boat, or motor-propelled vehicle (4) without the effective consent of the owner. *Musgrave v. State,* 608 S.W.2d 184, 189 (Tex. Crim.App.1980) (op. on reh'g); *Gardner v. State,* 736 S.W.2d 179, 180–81 (Tex.App.— Dallas 1987, pet. granted). Relying on *Gardner,* appellant argues that in order to convict him, the State must prove a culpable mental state as to the fourth element of the offense—without the effective consent of the owner. *See* 736 S.W.2d at 182. We hold that *Gardner* is distinguishable from the case at bar and overrule the point.

As a fundamental principle of due process, proof of a culpable mental state must forerun a criminal conviction, certainly a felony criminal conviction of the magnitude shown by this record. An equally fundamental principle of criminal due process provides that the State must carry the burden of proof upon all essential elements of the offense, and that the State's burden upon those elements is proof beyond a reasonable doubt. Any statutory scheme which serves to shift the State's burden of proving each essential element of the offense beyond a reasonable doubt is constitutionally suspect.

It follows that the State in this case had the burden to prove beyond a reasonable doubt that appellant possessed a culpable mental state. That burden could not have

been carried merely by proving that appellant operated "another's ... vehicle" either "intentionally or knowingly." Had the State rested its case without further proof, it would have offered *no evidence* of culpable mental state. Thousands, perhaps millions, of our citizens operate the vehicles of "another" on a frequent basis. The State would have us interpret the statute so as to brand all such conduct as at least prima facie criminal. We must refuse to create any such monstrosity.

In order to present evidence of culpable mental state, the State has the burden to prove not only that the vehicle of "another" was operated by the defendant, but also that the defendant knew he was acting without the effective consent of the owner. *See Gardner*, 736 S.W.2d at 181–82. Although expressed differently, this is the fundamental holding of *Gardner;* it is good law upon the facts there shown.

Neither does *Gardner* conflict with *Musgrave v. State*, 608 S.W.2d 184 (Tex.Crim.App.1980), when *Musgrave* is read in the light of the facts of that case. In *Musgrave*, the Court of Criminal Appeals did not consider the due process implications of its holding. The panel and en banc opinions, including the majority and separate opinions, are silent with respect to constitutional significance. The final majority opinion in *Musgrave* did dwell at considerable length upon the evidence which operated to sustain the implied finding of the trier of fact that the defendant did, in fact, know that the car was stolen. *Id.* at 190–91. This is the essential holding of *Musgrave;* this is the distinction between *Musgrave* and *Gardner.*

■ Appellant's case, on its facts, is comparable to *Musgrave*, and a comparable result is mandated. *Musgrave*'s en banc majority emphasized the presumption of guilty knowledge that attaches to the possession of recently stolen property. Our appellant was seen in possession of the vehicle less than three hours after its taking; Musgrave was not seen until two days later. Our appellant contended that the vehicle was loaned to him by a girlfriend but he was unable, when apprehended, to give a complete name or address. He was unable to produce her in court, even after a week's recess. Likewise, Musgrave was unable to adequately identify or locate the person whom he contended had placed him in possession of the vehicle. In the case now before us, the trier of fact was free to reject appellant's explanation as "not reasonable" and to apply the well established presumption, confirmed by human experience, which attaches to the unexplained possession of recently stolen property. Again, as pointed out in *Musgrave*, the explanation necessary to rebut the presumption must be reasonable. In the case before us, the implied finding of "not reasonable" was sufficiently supported by the record to meet the standard fixed by *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We may not disturb the factfinder's implied ruling. The evidence is sufficient to sustain appellant's conviction, and we therefore overrule point one.

### The Indictment

In his second point of error, appellant complains that the indictment is fundamentally defective because it fails to include a necessary element of the offense. The relevant portion of the indictment alleges that appellant did "knowingly and intentionally operate a motor-propelled vehicle, namely an automobile, without the effective consent of Gregorio Martinez, the owner thereof." Appellant contends that the indictment is fundamentally defective because it does not explicitly set forth that the motor-propelled vehicle is "another's." The State replies that the indictment charges the elements in terms of the statute and thus is not defective.

■ When reviewing the sufficiency of an indictment, the rule is that the indictment should charge an offense in plain and intelligible words with such certainty as to enable the accused to know what he will be called upon to defend against and to enable him to plead any judgment in bar of further prosecution for the same offense. *Wilson v. State*, 520 S.W.2d 377, 379 (Tex. Crim.App.1975); *Gaines v. State*, 501 S.W.

2d 315, 317 (Tex.Crim.App.1973). Ordinarily, an indictment is sufficient if it charges an offense in the terms of the statute. *Reynolds v. State*, 547 S.W.2d 590, 592 (Tex.Crim.App.1976); *Baldwin v. State*, 538 S.W.2d 109, 111 (Tex.Crim.App.1976).

In *Allen v. State*, the Court of Criminal Appeals upheld an indictment alleging that the defendant did "intentionally and knowingly operate a motor vehicle owned by A.R. Price, hereafter styled Complainant, without the effective consent of the Complainant." *Allen v. State*, 549 S.W.2d 5, 6 (Tex.Crim.App.1977). The *Allen* court noted that the indictment charged the offense in terms of the statute and gave adequate notice to the accused of the charged offense. *Id.* Similarly, in *Mears v. State*, the Court of Criminal Appeals upheld an indictment that alleged the appellant "intentionally and knowingly operate[d] a motor vehicle owned by John R. Eagle, without his effective consent." *Mears v. State*, 557 S.W.2d 309, 310 (Tex.Crim.App.1977). More recently, this Court upheld an indictment stating that the accused did "knowingly and intentionally operate a motor-propelled vehicle, namely: a station wagon, without the effective consent of Victor Rodriguez, the owner thereof." *Caro v. State*, 761 S.W.2d 488, 490 (Tex.App.—Dallas, 1988, n.p.h.) (not yet reported).

■ In the present case, the indictment charges the offense of unauthorized use of a vehicle in plain and intelligible language. We acknowledge that although the indictment does not track the statute verbatim, it closely follows the statute in every regard but one. The indictment fails to specifically allege that the automobile is "another's," but it clearly states that Gregorio Martinez is "the owner thereof." While we agree with appellant that "another" and the "owner" under section 31.07 are not always the same person, we note that in most cases they are. By alleging that Martinez was "the owner thereof," the indictment implicitly asserts that the name of the person constituting "another" was Gregorio Martinez. We conclude that the indictment charges the offense of unauthorized use of a vehicle with enough specificity to enable appellant to know what he was required to defend against. The omission of the term "another" did not rise to the level of fundamental error. We overrule appellant's second point.

We AFFIRM the trial court's judgment.

ROWE, J., files a concurring opinion.

ROWE, Justice, concurring.

I concur in the result only. I differ with that part of the majority opinion which overrules appellant's first point of error by distinguishing *Gardner v. State*, 736 S.W. 2d 179 (Tex.App.—Dallas 1987, pet. granted). Appellant expressly urges under his first point that the State carried the burden to establish that he knew the vehicle he was driving was stolen and that the State failed to meet this burden. The majority, following the two step analysis in *Gardner*, concludes that although as in *Gardner* the State *had* this burden, the evidence in this case, unlike that in *Gardner*, is sufficient to establish scienter. For those reasons assigned in my dissent in *Gardner*, I would hold that the State did *not* have such burden, and I would not address the sufficiency of evidence complaint.

I adopt in full the majority's opinion with respect to disposition of appellant's second point of error.