

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00088-CR

Jose **GUTIERREZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2021CR7124
Honorable Jennifer Peña, Judge Presiding[1]

Opinion by:    Irene Rios, Justice

Sitting:       Irene Rios, Justice
               Beth Watkins, Justice
               Liza A. Rodriguez, Justice

Delivered and Filed: September 4, 2024

REVERSED AND REMANDED

Appellant Jose Gutierrez appeals the trial court's order granting the State's motion for forfeiture by wrongdoing. The trial court determined Gutierrez forfeited his right to object to the complainant witness's testimony on confrontation and hearsay grounds because Gutierrez's wrongful conduct caused the witness's unavailability at trial. On appeal, Gutierrez argues the trial court erred when it determined: (1) the witness was unavailable for trial; and (2) Gutierrez's

---

[1] The Honorable Maria Teresa Herr, Visiting Judge, signed the order that is the subject of this appeal.

wrongful conduct caused the alleged unavailability. We reverse the trial court's judgment of conviction and remand the cause for further proceedings consistent with this opinion.

## BACKGROUND

Gutierrez was indicted for felony assault against a person with whom he had a dating relationship, as a second offense. The indictment alleged habitual offender enhancements because Gutierrez had two prior felony convictions for family-violence assault, but the State later abandoned one of the enhancements. The assault arose from a domestic violence dispute between Gutierrez and his girlfriend, Vanessa Ruiz. Initially, the State also charged Ruiz with misdemeanor assault arising from the same domestic violence episode. Because there were pending charges against Ruiz, the State's victim advocate was prohibited from contacting Ruiz.

At some point the State dismissed the charges against Ruiz. The victim advocate called Ruiz on May 23, 2022 to inform her that she needed to appear the next day to testify in Gutierrez's trial. Ruiz told the victim advocate she was not coming to court, and the State filed a motion to continue the trial that day.[2] The trial court granted the continuance. The victim advocate testified she subsequently made a "few attempts to reach [Ruiz,]" and the State attempted to serve her with a subpoena in July 2022.

On July 25, 2022, the State filed its motion for forfeiture by wrongdoing asserting Gutierrez's wrongful conduct was causing Ruiz's unavailability to testify at trial. Specifically, the State alleged that Ruiz would not testify because Gutierrez made several jailhouse calls to Ruiz requesting she not testify. The motion also alleges Gutierrez attempted to leverage an open case with the Texas Department of Family and Protective Services regarding Gutierrez and Ruiz's child

---

[2] The State cited a need for additional time to conduct discovery as the reason for the continuance. Specifically, the State represented it was waiting on records from the Texas Department of Family and Protective Services and from the first responders to the domestic violence dispute. The State's motion did not mention Ruiz's refusal to appear at court.

to persuade Ruiz not to testify. For example, in one of the jailhouse calls, Gutierrez told Ruiz that he was told the only way she would be reunified with their daughter is through him. The State's motion requested the trial court render a pretrial order that Gutierrez's wrongful conduct caused Ruiz's unavailability at a future trial date pursuant to forfeiture by wrongdoing. Consequently, the State sought an order that Gutierrez has waived any right to make confrontation and hearsay objections to Ruiz's out-of-court statements made on the 911 phone call and the responding police officer's bodycam on the day of the domestic violence incident.

On July 26, 2022, the victim advocate contacted Ruiz again via phone to inform her that she needed to be in court for trial. Ruiz told the victim advocate she would not be there, and she did not appear for trial. Although the record does not reflect the trial court granted a continuance, it appears the trial was reset.

On September 8, 2012, Ruiz filed an executed affidavit of non-prosecution with the State. The affidavit stated Ruiz no longer wanted Gutierrez prosecuted and requested the State dismiss the case. The affidavit further stated Ruiz does not wish to testify against Gutierrez but recognized she could be compelled to appear if subpoenaed by the State. While Ruiz was filing the affidavit at the District Attorney's office, the State served her with a subpoena summoning her to appear for trial on September 12, 2022. Ruiz did not appear at court on September 12, 2022, and the trial did not commence.

On October 17, 2022, the trial court held a two-day hearing on the State's motion for forfeiture by wrongdoing.[3] The victim advocate testified generally about her efforts to procure

---

[3] On October 13, 2022, prior to this hearing, another trial judge heard the motion. At the conclusion of that hearing, the trial judge ordered the jailhouse calls were admissible. However, the State was not seeking a ruling on the admissibility of the jailhouse calls. Rather, the State sought to introduce the out-of-court statements Ruiz made in the 911 call and to the responding officer on the day of the domestic violence dispute. The trial judge stated the admissibility of the out-of-court statements would go contemporaneously with trial and did not make a ruling regarding those statements. Therefore, Gutierrez and the State both requested to have the October 17, 2022 hearing to get a ruling on the admissibility of those out-of-court statements.

Ruiz's presence at trial but offered few specifics about the dates and details of the State's attempts to obtain Ruiz's testimony. The trial court admitted the return of service for the subpoena and six jailhouse calls between Gutierrez and Ruiz. The State did not seek a writ of attachment to compel Ruiz's appearance on September 12, 2022, and it did not make any further attempts to subpoena Ruiz for court dates thereafter.

On November 2, 2022, the trial court signed an order granting the State's motion for forfeiture by wrongdoing and issued findings of fact and conclusions of law. In its findings of fact and conclusions of law, the trial court found "that the State has established that the complainant in this case, Vanessa Ruiz, appears very unwilling to appear in court and testify against [Gutierrez.]" The trial court also found Gutierrez repeatedly attempted to dissuade Ruiz from testifying at his trial. The trial court concluded Gutierrez's actions show that his goal was to persuade her not to testify and that he had forfeited his right to object to Ruiz's out-of-court statements on confrontation and hearsay grounds as a result.

Gutierrez and the State subsequently entered into a plea bargain whereby Gutierrez pled nolo contendere in exchange for the State dismissing another family assault charge and capping punishment at ten years' confinement and a fine of $2,500. In the plea bargain, the State agreed Gutierrez could appeal the trial court's order granting the motion for forfeiture by wrongdoing. The trial court accepted the plea agreement and assessed punishment at ten years' confinement and a $2,500 fine. The trial court's certification of defendant's right to appeal acknowledged this was a plea-bargain case, but permitted Gutierrez to appeal the order granting forfeiture by wrongdoing because it was a matter raised by written motion, filed, and ruled on before trial and not withdrawn or waived. Gutierrez appeals the trial court's order granting the State's motion for forfeiture by wrongdoing.

## DISCUSSION

Gutierrez argues on appeal that the trial court erred when it granted the State's motion for forfeiture by wrongdoing, ruling Gutierrez would be precluded from raising confrontation and hearsay objections to Ruiz's out-of-court statements. Specifically, Gutierrez argues: (1) the trial court erred when it determined Ruiz would be unavailable for trial; and (2) Ruiz's alleged unavailability was not caused by Gutierrez's wrongful conduct. Because we conclude the trial court's unavailability determination was error, we need not address whether Gutierrez's conduct was wrongful or whether it caused Ruiz's alleged unavailability. TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.")

### FORFEITURE BY WRONGDOING

Because forfeiture by wrongdoing concerns the admission of otherwise inadmissible evidence, we review a trial court's ruling regarding the admission of evidence pursuant to forfeiture by wrongdoing for an abuse of discretion. *Colone v. State*, 573 S.W.3d 249, 264–65 (Tex. Crim. App. 2019); *Rivera v. State*, No. 04-22-00391-CR, 2024 WL 3512153, at *3 (Tex. App.—San Antonio July 24, 2024, no pet. h.); *Mohsin v. State*, 691 S.W.3d 193, 201 (Tex. App.—Austin 2024, pet. ref'd); *Bullock v. State*, No. 01-22-00076-CR, 2023 WL 8939274, at *3 (Tex. App.—Houston [1st Dist.] Dec. 28, 2023, pet. ref'd); *Shepherd v. State*, 489 S.W.3d 559, 572 (Tex. App.—Texarkana 2016, pet. ref'd).

A defendant in a criminal prosecution has a Sixth Amendment right to be confronted with the witnesses against him. *See Paredes v. State*, 462 S.W.3d 510, 514 (Tex. Crim. App. 2015). Under the Confrontation Clause, testimonial statements "are inadmissible at trial unless the witness who made them either takes the stand to be cross-examined or is unavailable and the defendant

had a prior opportunity to cross-examine the witness." *Id.* (citing *Crawford v. Washington*, 541 U.S. 36, 54 (2004)).

"The Confrontation Clause is, however, subject to certain 'equitable exceptions,' including the rule of forfeiture by wrongdoing, a doctrine of estoppel that allows for the admission of out-of-court statements over both confrontation and hearsay objections." *Mohsin*, 691 S.W.3d at 200; *see also Colone*, 573 S.W.3d at 264–65 (applying forfeiture by wrongdoing to both hearsay and confrontation claims). "Under forfeiture by wrongdoing, the defendant is barred from asserting his right of confrontation when he has wrongfully procured the unavailability of the witness." *Shepherd*, 489 S.W.3d at 573; *see also Bullock*, 2023 WL 8939274, at *2. "[T]he forfeiture rule applies only when the defendant's conduct is '*designed* to prevent the witness from testifying[]'" because, "without such a rule, there would be 'an intolerable incentive for defendants to bribe, intimidate, or even kill witnesses against them.'" *Brown v. State*, 618 S.W.3d 352, 355 (Tex. Crim. App. 2021) (quoting *Giles v. California*, 554 U.S. 353, 359, 365 (2008)).

In 2015, the legislature codified the common-law rule in article 38.49 of the Texas Code of Criminal Procedure, which provides in relevant part:

(a) A party to a criminal case who wrongfully procures the unavailability of a witness or prospective witness:

    (1) may not benefit from the wrongdoing by depriving the trier of fact of relevant evidence and testimony; and

    (2) forfeits the party's right to object to the admissibility of evidence or statements based on the unavailability of the witness as provided by this article through forfeiture by wrongdoing.

(b) Evidence and statements related to a party that has engaged or acquiesced in wrongdoing that was intended to, and did, procure the unavailability of a witness or prospective witness are admissible and may be used by the offering party to make a showing of forfeiture by wrongdoing under this article . . . .

TEX. CODE CRIM. PROC. ANN. art. 38.49(a)–(b); *see also Bullock*, 2023 WL 8939274, at *3 ("Article 38.49 of the Texas Code of Criminal Procedure . . . states that a party who wrongfully procures the unavailability of a witness forfeits the right to object to the admissibility of evidence based on that unavailability.").

The trial court determines in a hearing outside the presence of the jury "whether forfeiture by wrongdoing occurred by a preponderance of the evidence." TEX. CODE CRIM. PROC. ANN. art. 38.49(c). When the State seeks to admit the out-of-court statements, it must prove that: (1) the declarant-witness is unavailable; (2) the defendant engaged in wrongful conduct; (3) the wrongful conduct procured the unavailability of the witness; and (2) the defendant intended to procure the unavailability of the witness. *Brown*, 618 S.W.3d at 356; *Mohsin*, 691 S.W.3d at 200–01.

## UNAVAILABILITY

As a fundamental part of our jurisprudence, the State bears the burden to prove alleged criminal conduct beyond a reasonable doubt. *See Baltimore v. State*, 689 S.W.3d 331, 340 (Tex. Crim. App. 2024) ("The Fourteenth Amendment's guarantee of due process of law prohibits a criminal defendant from being convicted of an offense and denied his liberty except upon proof sufficient to persuade a rational trier of fact beyond a reasonable doubt of every fact necessary to constitute the offense."); *see also Proctor v. State*, 767 S.W.2d 473, 474 (Tex. App.—Dallas 1989, pet. ref'd) ("An equally fundamental principle of criminal due process provides that the State must carry the burden of proof upon all essential elements of the offense, and that the State's burden upon those elements is proof beyond a reasonable doubt."). It is the State's burden to present admissible evidence to prove the defendant's guilt beyond a reasonable doubt. *See Brown v. State*, 122 S.W.3d 794, 797 (Tex. Crim. App. 2003) ("The advocates have the task of producing the evidence, arguing its significance, and pointing out the logical inferences that flow from that evidence."). When this evidence is presented as testimony, the defendant is afforded the

opportunity to cross-examine the State's witness so that he may test the veracity of the witness's testimony and attack the witness's credibility. *See Coronado v. State*, 351 S.W.3d 315, 323 (Tex. Crim. App. 2011) ("[The Confrontation Clause] commands, not that evidence be reliable, but that reliability be assessed in a particular manner: by testing in the crucible of cross-examination." (quoting *Crawford*, 541 U.S. at 61)); *see also Koehler v. State*, 679 S.W.2d 6, 9 (Tex. Crim. App. 1984) ("It is now self-evident in these United States that one of the greatest constitutional rights an accused has is the right to confront and cross-examine the State's witnesses in a public forum." (citing *Pointer v. Texas*, 380 U.S. 400, 403 (1965))). While forfeiture by wrongdoing is an equitable remedy afforded the State to overcome the defendant's right to cross-examine witnesses that testify against him, the State must first show that the witness is "unavailable" at trial. *See Brown*, 618 S.W.3d at 356.

"[A] witness is not 'unavailable' for purposes of the . . . confrontation requirement unless the prosecutorial authorities have made a good-faith effort to obtain [the witness's] presence at trial." *Hardy v. Cross*, 565 U.S. 65, 69 (2011) (quoting *Barber v. Page*, 390 U.S. 719, 724–25 (1968)). While a reviewing court may always think of additional efforts the State could have employed to secure the witness's presence, "the great improbability that such efforts would have resulted in locating the witness, and would have led to [the witness's] production at trial, neutralizes any intimation" that the State would be reasonably required to employ those efforts. *Hardy*, 565 U.S. at 70. Simply stated, "[t]he State is not required to engage in clearly futile activities before a trial court can, in its discretion, determine that the State made good-faith efforts to produce a witness at trial." *Ledbetter v. State*, 49 S.W.3d 588, 594 (Tex. App.—Amarillo 2001, pet. ref'd). However, "[s]ocial policy, public policy, [and] even grave practical difficulties of obtaining the witness for trial do not trump the categorical requirement" under the Confrontation Clause. *Coronado*, 351 S.W.3d at 323.

Here, the State failed to show that it made a good-faith effort to secure Ruiz's presence at trial. The State subpoenaed Ruiz for the September 12, 2022 trial setting. The victim advocate testified that the State did not request the trial court issue a writ of attachment to procure Ruiz's attendance at trial after she failed to appear at the September 12 setting. While we recognize that the State is not always required to request a writ of attachment when a witness fails to appear, it is a "factor for the trial court to consider in determining whether the State made a good-faith effort to obtain [the witness's] presence at trial . . . ." *See Ledbetter*, 49 S.W.3d at 594. Of course, it would be clearly futile to seek a writ of attachment when the witness's location is unknown to the State or there is some impediment—such as death or the inability to locate the witness—that causes the witness's unavailability. *See, e.g.*, *id.* at 594 (stating a writ of attachment would have been clearly futile because the State did not know the witness planned to leave the county and did not know where to locate the witness); *Bullock*, 2023 WL 8939274, at *4 (holding forfeiture by wrongdoing applied when witness was unavailable because she had been killed by the defendant). But the State in this case knew Ruiz's exact location, and the evidence it presented at the pretrial hearing did not establish that its efforts to secure her presence at trial through a writ of attachment would have been clearly futile, especially given Ruiz's acknowledgment in her non-prosecution affidavit that she could be compelled to appear for trial. *See Hardy*, 565 U.S. at 69–70 ("In *Barber*, we held that a witness had not been unavailable for Confrontation Clause purposes because the State, which could have brought the witness to court by seeking a writ of habeas corpus *ad testificandum*, had 'made absolutely no effort to obtain [his] presence . . . at trial apart from determining that he was serving a sentence in a federal prison." (quoting *Barber*, 390 U.S. at 723)). The victim advocate testified that she had contacted Ruiz several times by phone, the State had successfully subpoenaed Ruiz, and the State knew her current address. After the September 12

trial setting was reset, the victim advocate testified the State did not make any further efforts to issue a subpoena for a future trial date.

Regarding Ruiz's availability, the trial court's findings of fact and conclusions of law merely state that the trial court finds Ruiz "appears very unwilling to appear in court and testify against [Gutierrez]." At most, Ruiz was uncooperative at the point the trial court heard the motion for forfeiture by wrongdoing. The State oftentimes must deal with uncooperative witnesses to prove its case. While Ruiz may have been uncooperative, the victim advocate's non-specific testimony does not support a conclusion that Ruiz was trying to hide from the victim advocate or that the State was unable to locate her. In fact, the victim advocate testified there was never "an issue of getting a hold of her . . . [,] we've always had her phone number." Under these facts, the State knew how to locate Ruiz, knew where she lived, and could have issued a writ of attachment to secure her presence. The State's actions here fall short of a good faith effort to secure the witness's presence.

There is also a critical distinction in this case from the caselaw we have reviewed: The trial court in this case made a determination that a witness—whom the State could easily locate—was unavailable at some future, unknown trial date.[4] On this record, the State cannot show that Ruiz

---

[4] In most cases we reviewed, the State sought to invoke forfeiture by wrongdoing during trial when it was conclusively established that the witness did not appear. *See Rivera*, 2024 WL 3512153, at *1 (stating the trial court held the forfeiture hearing several days after trial commenced and the witness "did not appear at trial"); *Brown*, 618 S.W.3d at 354 ("[The witness] did not appear in court."); *Ledbetter*, 49 S.W.3d at 591 (stating the trial court held the forfeiture hearing after the witness did not appear at the courthouse on the date for which he was subpoenaed); *see also Sanchez v. State*, No. 13-22-00512-CR, 2024 WL 377855, at *1 (Tex. App.—Corpus Christi–Edinburg Feb. 1, 2024 pet. ref'd) (mem. op., not designated for publication); *Roman v. State*, No. 01-22-00748-CR, 2023 WL 9007336, at *10 (Tex. App.—Houston [1st Dist.] Dec. 28, 2023, pet. ref'd) (mem. op., not designated for publication); *Baxter v. State*, No. 02-22-00258-CR, 2023 WL 8268292, at *16 (Tex. App.—Fort Worth Nov. 30, 2023, pet. ref'd) (mem. op., not designated for publication); *Barkley v. State*, No. 02-22-00081-CR, 2023 WL 2534465, at *2–4 (Tex. App.—Fort Worth Mar. 16, 2023, pet. ref'd) (mem. op., not designated for publication); *Garcia v. State*, No. 03-11-00403-CR, 2012 WL 3795447, at *1 (Tex. App.—Austin Aug. 29, 2012, pet. ref'd) (mem. op., not designated for publication). In one case, the trial court made a pre-trial forfeiture ruling when the witness "disappeared and was never heard from again." *See Powell v. State*, No. 02-19-00206-CR, 2021 WL 5370163, at *1, *72 (Tex. App.—Fort Worth Nov. 18, 2021, pet. ref'd) (mem. op., not designated for publication). In other cases where there was a preliminary ruling, the

was unavailable to testify at trial—and therefore entitled to avail itself of forfeiture by wrongdoing—because the State has yet to go to trial. The trial was reset several times until the trial court heard the State's forfeiture by wrongdoing motion on October 17, 2023. At the conclusion of the hearing on October 18, 2023, the trial court ruled in the State's favor, and Gutierrez subsequently entered into a plea agreement.

The State here did not seek to invoke forfeiture by wrongdoing in response to Ruiz's absence during trial, because trial never commenced. Rather, in a pretrial hearing, the State sought a ruling on the admissibility of out-of-court statements at a future trial by arguing the witness's present failure to cooperate with the State makes her unavailable at that future trial. *See Reyes v. State*, 845 S.W.2d 328, 331, 331 n.1 (Tex. App.—El Paso 1992, no pet.) (acknowledging the State's duty to obtain attendance of a witness is not diminished simply because testimony was previously recorded, especially when the out-of-court statements were likely more favorable than live testimony if the witness were to testify).

To be clear, the trial court is not always deprived of making a preliminary determination of forfeiture by wrongdoing. In fact, article 38.49(c) contemplates the trial court may use pretrial hearings to make such a determination "[i]f practicable." *See* TEX. CODE CRIM. PROC. ANN. art. 38.49(c). In cases where the witness is deceased, has left the jurisdictional reach of the court, or the State's efforts to procure the witness's availability would truly be futile, a preliminary

---

trial court reserved final ruling for trial or reasserted its ruling at trial when the witness's failure to appear was conclusively established. *See Mohsin*, 691 S.W.3d at 199 ("[P]rior to the start of jury selection on the day for which [the witness] had been subpoenaed, the court announced its conditional ruling: [the witness] would be found to be available and required to testify if she appeared, but if she did not appear, 'she's unavailable, and her statement will come in.'"); *Clifton v. State*, No. 01-22-00641-CR, 2023 WL 5437181, at *3 (Tex. App.—Houston [1st Dist.] Aug. 24, 2023, pet. ref'd) (mem. op., not designated for publication); *Byrd v. State*, No. 07-20-00234-CR, 2022 WL 2719060, at *4 (Tex. App.—Amarillo July 13, 2022, pet. ref'd) (mem. op., not designated for publication). We have not found any cases where the State was able to locate the witness but the trial court made a preliminary ruling that the witness was unavailable and the defendant subsequently entered a plea-bargain subject to an appeal of the trial court's forfeiture ruling. If the State is able to show the witness is truly unavailable at trial—rather than speculating on the witness's future conduct—it may very well be able to use Ruiz's prior out-of-court statements pursuant to forfeiture by wrongdoing. We express no opinion on the applicability of forfeiture by wrongdoing at a later date.

determination that the defendant has forfeited his right to assert hearsay and confrontation objections to prior out-of-court statements may very well be "practicable." *See id.*; *see also Brown*, 618 S.W.3d at 358 ("But this is not a case where a defendant murdered the victim—an offense that would necessarily cause the victim to be absent from trial.").

In sum, there are two problems with the trial court's conclusion that Ruiz was unavailable to testify at trial. First, the trial court can only conclude Ruiz was unavailable if the State made a good faith effort to secure Ruiz's presence at trial. Here, the State failed to make a good faith effort to secure Ruiz's presence because it had means that were not clearly futile to compel her appearance. Under these circumstances, Ruiz was an uncooperative witness. But the State knew where she was and could have employed means to secure her presence at trial that would not have been clearly futile. Because the State did not employ those means, it did not make a good faith effort to secure her presence. Second, the trial court could not have made a determination that Ruiz was unavailable for a trial that had not occurred, and was not scheduled, when the State knew where to locate her and had means to compel her appearance. Because the trial court could not have possibly known whether Ruiz would be unavailable for a trial that never commenced—or a future trial date that was never set—its unavailability conclusion is outside the zone of reasonable disagreement.

Accordingly, the trial court abused its discretion when it made a preliminary determination that Ruiz was unavailable to testify at an unknown, future trial date.

## HARM

Error in admitting evidence in violation of the Confrontation Clause is constitutional error and, therefore, subject to a harm analysis. *Render v. State*, 347 S.W.3d 905, 918 (Tex. App.—Eastland 2011, pet. ref'd). Under Rule 44.2(a) of the Texas Rules of Appellate Procedure, we must reverse a judgment of conviction unless we determine beyond a reasonable doubt that the

error did not contribute to the conviction. TEX. R. APP. P. 44.2(a). The following factors are relevant when determining specifically whether constitutional error under the Confrontation Clause may be declared harmless beyond a reasonable doubt: "(1) how important was the out-of-court statement to the State's case; (2) whether the out-of-court statement was cumulative of other evidence; (3) the presence or absence of evidence corroborating or contradicting the out-of-court statement on material points; and (4) the overall strength of the prosecution's case." *Scott v. State*, 227 S.W.3d 670, 690 (Tex. Crim. App. 2007). "We consider the source and nature of the error, the extent that it was emphasized by the State, its probable collateral implications, the weight a juror would probably place on the error, and whether declaring it harmless would likely encourage the State to repeat it with impunity." *Acevedo v. State*, 255 S.W.3d 162, 173 (Tex. App.—San Antonio 2008, pet. ref'd).

Here, Gutierrez was convicted of assault against a person with whom he had a dating relationship, as a second offense. Ruiz was the victim of the alleged assault. Ruiz had refused to cooperate with the State since the victim advocate first contacted her in May 2022. Ruiz also signed an affidavit of non-prosecution asking the State to dismiss the charges against Gutierrez. Without Ruiz's cooperation, and without her out-of-court statements, the State had little evidence to support its prosecution. Further, Gutierrez's plea to committing the offense came only after the unfavorable ruling on the State's motion for forfeiture by wrongdoing, and his plea was subject to appellate review of the trial court's forfeiture by wrongdoing ruling. Because Gutierrez's plea bargain was contingent on the correctness of the trial court's ruling, we cannot say beyond a reasonable doubt that the trial court's error made no contribution to Gutierrez's conviction. Therefore, we cannot conclude the error was harmless.

Accordingly, Gutierrez's sole issue is sustained.

**CONCLUSION**

We reverse the trial court's judgment and remand the cause to the trial court for further proceedings consistent with this opinion.

Irene Rios, Justice

DO NOT PUBLISH